UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SETH H. SANDLER,

    Plaintiff,                                               Case No. 6:19-cv-01688-CEM-GJK

v.

MICHAEL MAXWELL GROUP, LLC,

    Defendant.

                                               /

**PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENTAGAINST
<u>MICHAEL MAXWELL GROUP, LLC ON A SUM CERTAIN</u>**

NOW comes SETH H. SANDLER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman") and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against MICHAEL MAXWELL GROUP, LLC ("Defendant") and in support thereof, stating as follows:

1. On August 28, 2019, Plaintiff filed his Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") against Defendant. [Dkt No. 1].

2. The basis of Plaintiff's Complaint is that Defendant violated the FDCPA and FCCPA by placing calls to Plaintiff's family member and disclosing confidential information in pursuit of its consumer debt collection. In addition to this, after Plaintiff informed it that he did not owe the alleged debt, Defendant continued its collection campaign against the Plaintiff.

3. On September 5, 2019, Defendant's Registered Agent, United States Corporation Agents, Inc., was served with a copy of the Summons and Complaint. [Dkt No. 7].

4. On September 26, 2019, Defendant's time to answer or otherwise plead elapsed.

5. On October 1, 2019, after Defendant failed to answer or otherwise plead, Plaintiff caused to be filed a Motion for Entry of Default. Attached to the Motion for Entry of Default was an affidavit signed by the undersigned counsel attesting that service had properly been effectuated and Defendant was not in member of a protected category. A copy of Plaintiff's Motion for Entry of Default was mailed and emailed to Defendant.

6. On October 2, 2019, this Honorable Court granted an Entry of Default against Defendant.

7. Under Federal Rules of Civil Procedure 55(a), after the Clerk's entry of default, a federal district judge may enter a default against the Defendant.

8. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment on a Sum Certain against Defendant and in favor of Plaintiff.

9. Defendant is aware of the instant proceedings and has willfully chosen not to enter the case despite proper service.

10. Plaintiff seeks statutory damages pursuant to 15 U.S.C. §1692k (a)(2)(A) and Fla. Stat. §559.77 and payment of his costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) and Fla. Stat. §559.77.

PERSONAL JURISDICTION

11. As outlined in Plaintiff's Complaint, Plaintiff resides in the State of Florida. [Dkt. No. 1, ¶ 4].

12. The crux of Plaintiff's claims revolve around Defendant's conduct placing phone calls and having conversations with Plaintiff in its attempts to collect a debt allegedly owed by Plaintiff. [*Id.* at ¶¶ 7-14].

13. The entirety of Defendant's conduct outlined in the Complaint occurred while Plaintiff was located within and resided within the state of Florida. *See* Exhibit A, Affidavit of Seth Sandler.

14. Therefore, Defendant purposefully directed its activities to the forum state.

15. Defendant, a New York debt collector, placed debt collection phone calls to Plaintiff and his family in the state of Florida. By virtue of purposefully directing its out of state activities at a consumer in the state of Florida, Defendant purposefully directed its conduct towards the forum.

16. Plaintiff's claims further arise out of and relate directly to Defendant's forum-related activities, as they stem entirely from the violations of law engaged in by Defendant during phone calls he received from Defendant as a resident of Florida.

17. In light of the above and given Defendant's purposeful direction of its activities to the forum state, the Court's exercise of personal jurisdiction over Defendant in relation to the instant actions is reasonable and comports with the notions of fair play and substantial justice.

## STATUTORY DAMAGES

18. Plaintiff seeks statutory damages as provided under 15 U.S.C. §1692k (a)(2)(A) of the Fair Debt Collection Practices Act of $1,000.00 and Fla. Stat. §559.77 of the Florida Consumer Collection Practices Act for $1,000.00.

19. Based on Defendant's conduct, Plaintiff believes this Honorable Court should not hesitate to impose liability on Defendant to the fullest extent of the law. Defendant violated the very essence of the FDCPA and FCCPA through its collection activities in this matter. As detailed in Plaintiff's Complaint, Defendant contacted Plaintiff's family members to coerce Plaintiff into payment through undue pressure. In addition to this, Defendant continued its collection activity against the Plaintiff even after he informed it that he did not owe the debt upon which Defendant was attempting to collect.

20. Defendant has clearly demonstrated a lack of respect for the Plaintiff, the law, and legal process. It has had notice of this lawsuit. Rather than avail itself of the legal process, Defendant has willfully chosen not to participate and as such has waived its right to be given any benefit by this Honorable Court.

ATTORNEY FEES AND COSTS

21. Plaintiff seeks $3,708.50 in reasonable attorney fees and costs pursuant to 15 U.S.C. §1692k (a)(3) and Fla. Stat. §559.77.  *See* attached Exhibit B is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit C is a true and correct copy of an affidavit endorsed by the undersigned.

WHEREFORE, Plaintiff SETH H. SANDLER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering a Default Judgment against MICHAEL MAXWELL GROUP, LLC and in favor of Plaintiff;

b. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against MICHAEL MAXWELL GROUP, LLC and in favor of Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Fla. Stat. §559.77 and in favor of Plaintiff

d. Awarding Plaintiff $3,708.50   in costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) and Fla. Stat. §559.77 MICHAEL MAXWELL GROUP, LLC and in favor of Plaintiff;

e. Allowing judgment interest to be added; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 3, 2019                 Respectfully submitted,

s/ Alexander J. Taylor
Alexander J. Taylor
*Counsel for Plaintiff*
Admitted in the Middle District of Florida
Sulaiman Law Group, Ltd.
2500 Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 140 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

  The undersigned, one of the attorneys for Plaintiff, certifies that December 3, 2019, he caused a copy of the foregoing PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST MICHAEL MAXWELL GROUP, LLC ON A SUM CERTAIN, to be served by U.S. Certified mail, electronic mail and facsimile on:

Michael Maxwell Group, LLC
974 Kenmore Avenue
Buffalo, New York 14216
billing@michaelmaxwellgroup.com

Michael Maxwell Group, LLC
c/o United States Corporation Agents, Inc., Registered Agent
7014 13th Avenue, Suite 202
Brooklyn, New York 11228

            s/ Alexander J. Taylor
            Alexander J. Taylor, Esq.