UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SETH H. SANDLER,

    Plaintiff,

v.                                     Case No:   6:19-cv-1688-Orl-41GJK

MICHAEL MAXWELL GROUP, LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Amended Motion for Default Judgment Against Michael Maxwell Group, LLC on a Sum Certain. (Doc. 16). Upon due consideration I respectfully recommend that the motion be granted in part and denied in part.

### I.    Background

This is an action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statutes sections 559.55, et seq. ("FCCPA") (Doc. 1). Plaintiff alleges that he is a consumer as defined in 15 U.S.C. § 1692a(3) and Florida Statute section 559.55(8). *Id.* at ¶¶ 19, 33.

Plaintiff states that "around the summer of 2019," Defendant called Plaintiff's family on the telephone and disclosed to them that Plaintiff owed a consumer debt (Id.,

---

[1] Judge Smith is temporarily handling this case in the place of Judge Kelly.

¶ 8). Plaintiff also alleges that Defendant "contacted Plaintiff and alluded that a lawsuit was filed or would be filed against him by stating that documents would be personally served on Plaintiff" (Id., ¶ 9). Defendant did not tell Plaintiff that it was a debt collector and continued to attempt to collect the debt from Plaintiff after Plaintiff "informed Defendant that he does not owe the subject consumer debt" (Id., ¶¶ 10, 13-14).

Plaintiff alleges that Defendant's actions violated the FDCPA, specifically 15 U.S.C. § 1692b(2), which prohibits debt collectors from communicating with anyone other than the consumer for acquiring location information about the consumer and stating that the consumer owes a debt (Id., ¶ 24).

Plaintiff also complains Defendant violated 15 U.S.C. § 1692e, specifically subsections (2), (5), and (10) (Id., ¶ 27). Subsection 2 prohibits falsely representing the character, amount, or legal status of the debt or any services rendered or compensation that may be lawfully received by the debt collector for collecting the debt. 15 U.S.C. § 1692e(2). Subsection 5 prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Subsection 10 prohibits using a false representation or deceptive means to collect or attempt to collect a debt or obtain information regarding a consumer. 15 U.S.C. § 1692e(10). Plaintiff characterizes the following actions as deceptive: "allud[ing] that [Defendant] would initiate a lawsuit against Plaintiff by falsely stating that documents would be served on Plaintiff[;] and "continu[ing to] attempt[] to collect from an innocent consumer" (Id., ¶¶ 27-28).

Plaintiff also claims that Defendant violated 15 U.S.C. § 1692f, which prohibits using "unfair or unconscionable means to collect or attempt to collect any debt" (Id., ¶

- 3 -

30). Plaintiff alleges Defendant violated § 1692f "by concealing its status as a debt collector." Id.

Regarding the FCCPA, Plaintiff claims that Defendant violated Florida Statute section 559.72(10) by "falsely stat[ing] that Plaintiff would be served with legal documents" (Id., ¶ 37). Section 559.72(10) prohibits persons collecting debts from using "a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not."

Defendant failed to appear or respond to the complaint and on October 2, 2019, the Clerk entered a default against Defendant (Doc. 13). On October 15, 2019, Plaintiff moved for entry of a default judgment (Doc. 14). The motion was denied because the complaint and motion failed to clearly aver facts establishing the Court's exercise of jurisdiction over Defendant (Doc. 15). On December 3, 2019, Plaintiff filed an amended motion for default judgment (Doc. 16) which includes Plaintiff's affidavit stating that he was in Florida when Defendant placed the calls to him that form the basis of the complaint. Doc. 16-1. Plaintiff's affidavit establishes personal jurisdiction over Defendant. FLA. STAT. § 48.193(1)(a)(2) (establishing specific personal jurisdiction over a non-resident defendant who commits a tortious act in Florida); Alecca v. AMG Managing Partners, 2014 WL 2987702, at *5 (M.D. Fla. Jul. 2, 2014) (specific personal jurisdiction may be established by a telephone call into Florida that forms the basis of the claim for violating the FDCPA).

## II. Discussion

Standards of Law

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Nonetheless, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). This analysis

is equally applicable to a motion for default judgment. See De Lotta v. Dezenzo's Italian Rest., Inc., No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. November 24, 2009).

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c),'[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Id. (citing Fed. R. Civ. P. 55(b)(2)). Where all the essential evidence is of record, an evidentiary hearing on damages is not required. SEC v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

As the foregoing makes clear, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

Analysis

**A. Liability**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). The law provides a civil cause of action against any debt collector who fails to comply with its requirements. 15 U.S.C. § 1692k(a).

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a). A debt collector found in violation of the Act may be liable for (1) an individual plaintiff's actual damages; (2) statutory damages up to $1,000; and (3) costs and reasonable attorney's fees. 15 U.S.C. § 1692(a)(1)-(3).

To prevail on his FDCPA claim, Plaintiff's complaint must properly allege that (1) he was the object of collection activity arising from consumer debt; (2) Defendant is a debt collector as defined by the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008).

The well-pleaded allegations, which are deemed admitted, offer a sufficient basis for the entry of a default judgment against Defendant. Section §1692b(2) of the FDCPA prohibits debt collectors from communicating with anyone other than the consumer for acquiring location information about the consumer that the consumer owes a debt. Defendant contacted Plaintiff's family members multiple times and stated that Plaintiff owed a consumer debt.

Defendant violated 15 U.S.C. § 1692e(2), (5), and (10). Subsection 2 prohibits falsely representing the character of the debt. 15 U.S.C. § 1692e(2). Subsection 5 prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Finally, subsection 10 prohibits using a false representation to attempt to collect a debt. 15 U.S.C. § 1692e(10). Defendant alluded that it would initiate a lawsuit against Plaintiff by falsely stating that documents

would be served on Plaintiff and continued to attempt to collect from Plaintiff after being informed that Plaintiff did not owe the debt.

Section 1692e(10) prohibits collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692e(11) requires that a debt collector reveal in an initial communication that he is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, or, in subsequent communications, that the communication is from a debt collector. 15 U.S.C. § 1692e(11). Defendant failed to identify himself as a debt collector. This is sufficient to state a cause of action under §§ 1692e(10) and (11). It is also sufficient to establish a violation of section 1692f, which prohibits using "unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff also established Defendant's liability under the FCCPA.

> [T]o state a claim under the FCCPA, the plaintiff must allege facts demonstrating that (1) the defendant is a person within the meaning of the FCCPA, (2) the defendant collected or attempted to collect a debt from the plaintiff, and (3) the defendant committed an act or omission prohibited by the FCCPA when it collected or attempted to collect the debt.

Baumann v. Prober & Raphael, No. 6:15-CV-1951-ORL-40GJK, 2017 WL 10350673, at *2 (M.D. Fla. May 17, 2017) (citing Fla. Stat. § 559.72). Plaintiff alleges that Defendant violated Florida Statute section 559.72(10) by "falsely stat[ing] that Plaintiff would be served with legal documents" (Doc. 1, ¶ 37). Section 559.72(10) prohibits persons collecting debts from using "a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not." Plaintiff

asserts that Defendant falsely stating that Plaintiff would be served with legal documents violates section 559.72(10) because "Defendant misleadingly invoked the legal process of a lawsuit in order to collect from Plaintiff" (Doc. 1, ¶ 37). "[T]his provision is the equivalent of 15 U.S.C. § 1692e(4) and 1692e(5)." Knight v. CCB Credit Servs., Inc., No. 8:09-CV-2379-T-27MAP, 2011 WL 13302186, at *10 (M.D. Fla. Mar. 4, 2011). As discussed above, Plaintiff established liability under § 1692e(5), and therefore liability is established under Florida Statute section 559.72(10).

### B. Damages

An evidentiary hearing on the issue of damages is not necessary because the record is sufficient to calculate the amount of damages. Section 1962k of the FDCPA provides for statutory damages "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The maximum amount of $1,000 is per action, not per violation. Id.; Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir.1992). Factors the Court considers in deciding whether to award statutory damages include: the frequency and persistence of noncompliance by the debt collector; the nature of such noncompliance; and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). The FCCPA also provides for a maximum amount of $1,000 in statutory damages and consideration of the same factors. § 559.77(2), FLA. STAT. (2019).

Plaintiff has established multiple violations of the FDCPA and the FCCPA (Doc. 1, ¶¶ 8-17). Defendant hinted that a lawsuit would be filed against Plaintiff and failed to disclose that it was a debt collector (Id., ¶¶ 9, 10). Defendant communicated that Plaintiff owed a debt to Plaintiff's family members and persisted in attempting to collect

the debt even after Plaintiff informed Defendant that he did not owe the debt (Id., ¶¶ 8, 13, 14). The multiple violations and their nature warrant imposition of the maximum amount under both the FDCPA and the FCCPA. Sampson v. Brewer, Michaels & Kane, LLC, No. 6:09-CV-2114-ORL-31DAB, 2010 WL 2432084, at *2 (M.D. Fla. May 26, 2010), report and recommendation adopted, 2010 WL 2432045 (M.D. Fla. June 15, 2010) (defendant constantly and continuously placed calls to plaintiff; threatened to file a lawsuit against plaintiff; placed multiple calls without meaningful disclosure of the caller's identity; and failed to send plaintiff a debt validation letter regarding the alleged debt). It is recommended the Court award Plaintiff $1000 in statutory damages under the FDCPA and $1000 in statutory damages under the FCCPA.

### C. Attorney's Fees and Costs

Plaintiff's counsel seeks $3,181.25 in attorney's fees. Doc. 16-2 at 3. In support of the claim, counsel provided a time sheet and an affidavit. Docs. 16-2, 16-3. The amounts claimed are as follows:

| Attorney/Paralegal | Hourly Rate | Hours |
|---|---|---|
| Alexander Taylor (attorney) | $375 | 7.25 |
| Jessie Sharon (paralegal) | $125 | 2.2 |
| Kiran Wadia (paralegal) | $125 | 1.5 |

Because Defendant has not responded to Plaintiff's motion, the Court lacks the benefit of scrutiny and analysis from the opposing party. See Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested

is reasonable.). Nonetheless, the Court has a duty to ensure that the request for attorney's fees is reasonable. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983)). "The Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08–cv–1182–Orl–22DAB, 2010 WL 98991, at *5 (M.D. Fla. Jan.6, 2010).

In the Eleventh Circuit, courts use the lodestar approach to determine a reasonable attorney fee. Norman v. Hous. Auth., 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 at 437. The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. Norman, 836 F.2d at 1302.

*1. Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing

market rates. Id. When determining whether a rate is reasonable the Court may consider the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir.1974)); In re Home Depot Inc., 931 F.3d 1065, 1091 (11th Cir. 2019).

Plaintiff's counsel provides no evidence supporting the hourly rates requested beyond his statement in his affidavit that the billing "is reasonable for an attorney with similar experience" (Doc. 16-3, ¶ 6). And, the quality of counsel's work does not warrant $375 per hour.[2] Having considered the Johnson factors, the quality of the work product submitted to the Court, and the Court's knowledge of market rates in Central Florida, I find that the requested hourly rate for Taylor is not objectively reasonable. Additionally, there is nothing novel or difficult about this case, and it did not require an attorney of great skill to properly prosecute the case. There is no evidence that counsel was precluded by this engagement from accepting other employment or that counsel was under any time limitations imposed by the client. There is nothing to suggest this work

---

[2] See for example, paragraph 3 of the complaint where the word "subtotal" appears, and the amended motion which omits Plaintiff's allegation that Defendant intimated the filing of a lawsuit (Doc. 1, ¶ 3; Doc. 16, ¶ 2).

- 11 -

was undesirable, and I find the hourly rates are above the customary rate in this community for similar work. Accordingly, I have reduced the requested hourly rate for Taylor to $275.

### 2. Reasonable Hours Spent

Next, the Court must determine the number of hours reasonably expended by Plaintiff's counsel on this litigation. Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may bill adversaries for only the same hours they would bill a client. Resolution Tr. Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir.1993). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted).

Counsel reasonably expended the number of hours he claims. Applying the number of hours to the reasonable hourly rate as determined above results in the following:

| Attorney/Paralegal | Hourly Rate | Hours | Total |
|---|---|---|---|
| Alexander Taylor (attorney) | $275 | 7.25 | $1993.75 |
| Jessie Sharon (paralegal) | $125 | 2.2 | $275 |
| Kiran Wadia (paralegal) | $125 | 1.5 | $187.50 |

This results in an attorney's fee award of $2,456.25.

### 3. Costs

Finally, Plaintiff seeks costs for the filing fee ($400), for fees expended for service of process ($106), and for mailing ($21.25) (Doc. 16-2 at 3). The filing fee and service costs were reasonably necessary and are recoverable under 28 U.SC. § 1920.[3] The cost labeled "Mailing Cost" is not recoverable under § 1920. Thus, it is recommended that $506 be awarded as costs.

## III.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's Amended Motion for Default Judgment (Doc. 16) be **GRANTED in part** and that the Clerk be directed to enter judgment in favor of Plaintiff and against Defendant for $2000 in statutory damages; $2,456.25 in attorney's fees; and $506 in costs.

## IV.  Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

[3] 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

- 14 -

finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** in Orlando, Florida, on December 13, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties